20577—Nick Scaccute v. State of Ohio. Motion for leave to file petition in error to Columbiana Appeals. Allowed. Dock. 6-7-27; 5 Abs. 378.

20578—The Ohio Contract Purchase Co. v. W. H. Pierce. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6-7-27; 5 Abs. 378.

20579—The Ohio Contract Purchase Co. v. William F. Wasner. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6-7-27; 5 Abs. 378.

20587—The Equitable Life Assurance Society of United States v. Luella May O'Neill. Motion for Montgomery Appeals to certify. Overruled. Dock. 6-10-27; 5 Abs. 398.

20594—Leander Skellhorn v. Charles D. Eastman, extr. et al. Motion for Crawford Appeals to certify. Overruled. Dock. 6-13-27; 5 Abs. 398.

20599—E. C. Stanton, prosecutor attorney v. Tax Commission of Ohio. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 6-14-27; 5 Abs. 398.

# SYLLABI
## Cases Published in the Abstract

### No. 489

No. 19828—State ex rel. National Mutual Ins. Co. v. Conn, Supt.

No. 19829—State ex rel. Celina Mutual Casualty Co. v. Conn, Supt.

533. FIRE INSURANCE—1. Mandamus to compel renewal of license by State Insurance Commission on the ground that company applying is paying excessive salaries denied in absence of proof that they were reasonable.

2. Court may in determining the right of applicant to a renewal license, compare salaries paid by it, with other mutual companies of approximately same gross premium. MARSHALL, C. J.

1. The salaries of the executive officers of mutual insurance companies organized under Ohio laws are not the subject-matter of direct judicial inquiry, but where the superintendent of insurance has refused to renew the license of such company on the ground that excessive and exorbitant salaries have been paid and restoration has not been compelled and an action in mandamus is instituted in this court praying the extraordinary writ of mandamus to compel the issuance of a renewal license, the writ will be denied in the absence of proof that such salaries were reasonable.

2. In determining whether the superintendent has denied a clear legal right to a mutual insurance company in refusing to renew a license on such grounds, this court may properly make comparisons of the salaries paid with the salaries paid by other mutual insurance companies having approximately the same gross premium income.

Writ denied.

Day, Allen and Kinkade, JJ., concur. Robinson, Jones and Matthias, JJ., dissent.

No. 20528—State ex rel. James A. McBride v. Alfred C. Deckebach, Auditor. In Mandamus.

788. MUNICIPALITIES—A city ordinance requiring applicant for license to operate taxicab to furnish liability insurance or, in lieu thereof, indemnity bond, is valid and constitutional.

291. CONSTITUTIONAL LAW — Under Art. XVIII, Sec. 3 of the Ohio Constitution Charter municipality has power to require taxicab operator to furnish liability insurance or indemnity bond.

ALLEN, J.

1. Sections 702-2c and 702-2d of the code of ordinances of the city of Cincinnati, which require an applicant for a license to operate a taxicab within the city of Cincinnati to furnish the city auditor of Cincinnati with a policy of insurance or in lieu thereof with a surety bond executed by responsible individuals or by a company authorized to write such bonds indemnifying such operator against loss or injury from the negligent operation of such taxicab are valid and constitutional.

2. Under Article XVIII, Section 3, of the Ohio Constitution, a charter municipality has power to acquire a taxicab operator to furnish insurance or bond indemnifying such operator against loss or injury from the negligent operation of his taxicab as a condition precedent to the issuing of a license to operate such taxicab on the city streets.

Writ denied.

Marshall, C. J., Day Kinkade, Robinson, Jones and Matthias, JJ., concur.

### No. 490

No. 20409—Carroll H. Lewis v. Edna Mae Reed. Error to the Court of Appeals of Hamilton County.

686. JUVENILE COURTS—380 Delinquency—Under 1648 GC. mother of illegitimate child is entitled to notice of proceedings of dependency and until such notice, juvenile court has not jurisdiction and judgment of permanent commitment to institution is void.

681. JURISDICTION—Matters required to be shown under 1648 GC. as a prerequisite to notice by publication are jurisdictional.

677. JUDGMENT AND DECREES—An attack on a judgment for fraud for failure to comply with 1648 GC. is permitted although judgment may appear regular on its face.

601. HABEAS CORPUS—In proceedings by mother of illegitimate child whose custody has been given to children's home in action had without actual notice to mother under 1648 GC., constructive notice is not conclusive but is open to attack on ground of false statement that mother's whereabouts were unknown.

ALLEN, J.

1. Under Section 1648 of the General Code, the mother of an illegitimate child is entitled to notice, actual or constructive, of proceedings upon a complaint of dependency instituted in the juvenile court in reference to such child. Until notice of such proceedings has been given to the mother, the jurisdiction of the juvenile court does not attach and a judgment of permanent commitment rendered in such dependency proceeding is void.

2. The matters required to be shown under Section 1648 of the General Code as a prerequisite to notice by publication of proceedings as to the dependency of minor children are jurisdictional.

3. In such case an attack upon a judgment for fraud in its procurement is direct, and is permitted notwithstanding that the judgment questioned may appear on its face regular and valid.

4. In a habeas corpus proceeding brought by the mother of an illegitimate child whose custody has been given to a children's home under such judgment of permanent commitment, held, as only constructive notice was given, that a judgment of permanent commitment of such child to a children's home by a juvenile court is not conclusive but is open to attack for want of jurisdiction of such juvenile court on account of fraud committed in procuring constructive notice to the mother by false and fraudulent statements to the effect that the mother's whereabouts were unknown.

Judgment affirmed.

Marshall, C. J., Kinkade, Robinson and Matthias, JJ., concur.